1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>   vs.<br><br>SILVIA LLORYET LOPEZ-MARROQUIN (1),<br><br>              Defendant. | CASE NO. 12CR2432WQH<br>CASE NO. 13CV717WQH<br><br>ORDER |

HAYES, Judge:

      The matter before the Court is the Motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255.  (ECF No. 68).  Defendant moves the court to grant a downward departure on the grounds that she cannot be housed in a minimum security facility or a Community Correctional Center because of her deportation status.  The Court finds that the issues raised in the petition are appropriate for summary disposition.

                            **APPLICABLE LAW**

      28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which

1   imposed the sentence to vacate, set aside or correct the sentence."  A district court must

2   summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached

3   exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

4   Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts.

5   When this standard is satisfied, neither a hearing nor a response from the government is

6   required.  *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

7                                  **RULING OF THE COURT**

8           In this case, the record conclusively shows that the Defendant has waived the right to

9   bring a § 2255 motion.  In the Plea Agreement, the Defendant agreed as follows:

10          In exchange for the Government's concessions in this plea agreement, defendant
            waives, to the full extent of the law, any right to appeal or to collaterally attack
11          the conviction and any lawful restitution order, except a post-conviction
            collateral attack based on a claim of ineffective assistance of counsel.   The
12          defendant also waives, to the full extent of the law, any right to appeal or to
            collaterally attack her sentence except a post-conviction collateral attack based
13          on a claim of ineffective assistance of counsel, unless the Court imposes a
            custodial sentence above the three years custody, the mandatory minimum
14          sentence, which will be recommended by the Government pursuant to this
            agreement at the time of sentencing.   If the custodial sentence is greater than
15          three years custody, the defendant may appeal, but the Government will be free
            to support on appeal the sentence actually imposed.  If defendant believes the
16          Government's recommendation is not in accord with this agreement, defendant
            will object at the time of sentencing; otherwise the objection will be deemed
17          waived.

18  (ECF No. 35 at 11). This waiver is clear, express and unequivocal.  Plea agreements are

19  contractual in nature, and their plain language will generally be enforced if the agreement is

20  clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir.

21  2005).

22          At the time of sentencing, the Government recommended an adjusted offense level of

23  19 and a resulting guideline range of 30-37 months.  The Court imposed a sentence of 30

24  months. (ECF No. 65 at 2).  Defendant brings no claim based on ineffective assistance of

25  counsel and the sentence imposed was not above the "three years custody."  (ECF No. 35 at

26  11). Pursuant to the terms of the plea agreement, the Defendant waived her right to collaterally

27  attack the sentence imposed.

28          Finally, the Defendant presents no grounds for relief under Section 2255.   The

Sentencing Reform Act gives the Bureau of Prisons the responsibility to "designate the place of the prisoner's imprisonment." 18 U.S.C. § 3621(b). *See United States v. Cubillos*, 91 F.3d 1342, 1344-45 (9th Cir. 1996). The Court of Appeals for the Ninth Circuit has rejected the assertion that an alien's equal protection rights are violated when he cannot be housed in a minimum security facility or a community correction center based upon her deportation status. *See McClean v. Crabtree*, 173 F.3d 1176, 1185-86 (9th Cir. 1999).

IT IS HEREBY ORDERED that the motion for time reduction by an inmate in federal custody under 28 U.S.C. § 2255 (ECF No. 67) filed by the Defendant is denied.

DATED: April 9, 2013

*William Q. Hayes*

**WILLIAM Q. HAYES**
United States District Judge